THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID WELCH, Defendant-Appellant.

First District (1st Division)   No. 78-709

Opinion filed October 29, 1979.

Ralph Ruebner and Patricia Unsinn, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

On December 5, 1975, after plea bargaining, David Welch (defendant) pleaded guilty to two counts of deviate sexual assault. He was sentenced to probation for 5 years on condition that he serve 76 days in jail (then already served) and "maintain treatment at the Illinois Psychiatric Institute"; with this Institute to provide reports "to defendant's probation officer at least every 3 months."

On May 13, 1977, defendant was taken into custody for allegedly committing the offense of indecent liberties with a child. On June 10, 1977, the People filed a petition to revoke probation based upon this alleged additional offense. On November 3, 1977, an amended petition was filed charging defendant had violated the condition of his probation concerning psychiatric treatment. During the course of the hearing, the trial court allowed a motion of the People to strike the charges based upon commission of the subsequent crime with leave to reinstate. The

trial court found a violation of probation regarding psychiatric treatment and sentenced defendant to imprisonment for 5 to 15 years. Defendant appeals.

In this court defendant urges he was denied the right to effective assistance of counsel when the trial judge was advised that a *per se* conflict of interest existed between defendant and the public defender; defendant was not given a reasonable opportunity to employ other counsel; and the State failed to prove violation of a condition of probation by defendant by a preponderance of the evidence. Under our view of the record, the last contention is dispositive, and the other points need not be considered.

The trial judge carefully and fully advised defendant as to the conditions of probation. He admonished that if defendant failed to understand anything, he should seek out the probation department and obtain a complete understanding. The defendant told the trial court he was aware of the conditions stated by the court and he was satisfied with his sentence.

At the revocation hearing the People called the medical record librarian for the Institute. She testified the Institute had no record of any contact with defendant.

An adult probation officer testified she had reviewed defendant's probation file. It contained the conditions of probation including the requirement that defendant maintain treatment. This file contained no evidence of any report of treatment of defendant. The witness testified the usual procedure is for defendants to make their own appointments for psychiatric treatment.

Another probation officer testified he had 120 probationers assigned to him including defendant. Defendant never asked his aid in obtaining psychiatric treatment. In the opinion of the witness this was not his duty and the responsibility for obtaining mental treatment rested upon defendant. The officer also testified he never called any psychiatric agency to assist defendant to obtain treatment. The officer did not recall, but could not deny, that defendant had ever reported to him that defendant had attempted to obtain treatment from the Institute but they would not take him.

The witness did not recall the contents of all the conversations that he had with defendant on the various occasions that defendant reported to him. He kept no record of the substance of the conversations between him and defendant at the times defendant had reported to him personally. The witness was aware of the fact that the Institute was to send him reports of defendant's condition at least every 3 months. He did not at any time inform his supervisor regarding the failure of defendant to obtain psychiatric assistance or his own failure to receive any reports

during the entire period. The witness testified he had told defendant to obtain psychiatric help. However, the witness could not recall any date upon which he had so advised defendant.

Defendant testified that in January of 1976 he went to the reception area of the Institute located on Taylor Street in Chicago. He spoke to a receptionist. He was told that the organization would not take him. He was not directed to any other office by the receptionist. He left and went home. Defendant testified he remembered the statement of the trial court that he return to court for modification of the probation order.

Defendant also testified that in January of 1976 he spoke to his probation officer. He told the officer what happened in his visit to the Institute. Defendant stated that he spoke to the officer on the second Wednesday of every month but had no additional conversation with him about psychiatric treatment. The officer never gave him any assistance concerning his treatment.

Defendant also testified that in April or May of 1977 he had psychiatric testing or screening at a family counselling center called the "Depot." This was in connection with defendant's application to Illinois Department of Children and Family Services for a license to care for a foster child. He did not tell the Department or anyone at the Depot that he was then on probation for deviate sexual assault. In due course, defendant was legally designated as the foster parent of a 14-year-old boy. This boy was the alleged victim of the alleged crime of indecent liberties for which defendant was arrested on May 13, 1977, and which the People later struck with leave to reinstate.

Counsel for defendant properly concedes that the violation with which a probationer is charged must be proved by a preponderance of the evidence and not beyond a reasonable doubt. (*People v. Cooper* (1977), 66 Ill 2d 509, 514, 363 N.E.2d 817.) This proposition of law has been described as "clear beyond argument." *People v. Reese* (1976), 37 Ill. App. 3d 820, 826, 347 N.E.2d 451.

■■ As specifically pointed out in probation revocation cases, in a proceeding of this type, the trial court has the duty and the power to weigh the evidence and determine the credibility of the testimony before him. This court upon review of the proceedings will not and should not disturb the finding of the trial judge unless it is contrary to the manifest weight of the evidence. *Cooper*, 66 Ill. 2d 509, 514.

■■ In the case before us, we are not satisfied that the proof shows by a preponderance of the evidence that defendant is solely culpable for violation of the conditions of his probation. Defendant's testimony is clear and definite that very shortly after his sentence he presented himself to a receptionist at the Illinois Psychiatric Institute, requested assistance and was rejected. The only method defendant had of obtaining treatment at

the Institute would have been by conversation with a receptionist. Manifestly it would have been impossible for defendant to have immediate and direct access to or conversation with a psychiatrist without first speaking to a receptionist.

Defendant's testimony is also clear and definite that during the same month he spoke to his probation officer and reported the incident. The probation officer was fully informed of the conditions of probation. He knew that he was to receive a report from the Institute at least every 3 months. However, despite the absence of these reports, he never notified his superiors and never made any effort to contact the Institute to assist the defendant to obtain treatment. The probation officer did not deny that defendant had advised him of the incident at the Institute. He specifically restricted his testimony in this regard to a statement that he did not recall the conversation.

This defendant was properly required by the trial court to obtain psychiatric assistance. With good reason, the trial court most appropriately concluded that the defendant's mental condition required psychiatric attention. In our opinion, this very defect in defendant's mentality rendered it essential that the defendant receive assistance in obtaining the necessary treatment. But, the responsibility was juggled back and forth without ever being shouldered by defendant or the agency with which he dealt. In our opinion, defendant's lack of diligence is excusable because of his condition. The culpability of the agency is greater.

Therefore, without attempting to fix blame, it appears to us that the sole objective at this time should be to attempt to remedy the situation and to obtain the needed treatment for defendant. By its terms defendant's probation will not expire until December of 1980. The wise and practical conditions stated by the able trial judge in his sentence to probation are deserving of another opportunity to render them fruitful. In our opinion, the defendant should be given an occasion under proper supervision to obtain a complete psychiatric evaluation and subsequent treatment. Consequently, the order revoking probation and sentencing the defendant is reversed and the cause is remanded for further proceedings consistent with the views above expressed.

Judgment reversed and cause remanded with directions.

McGLOON and CAMPBELL, JJ., concur.