THE PEOPLE OF THE STATE OF ILLINOIS,, Plaintiff-Appellee, v. ROBERT PRUSAK, Defendant-Appellant.

Second District   No. 2—88—1234

Opinion filed July 27, 1990.

G. Joseph Weller, Beth Katz, and Robert C. Cooper, all of State Appellate Defender's Office, of Elgin, for appellant.

Daniel A. Fish, State's Attorney, of Dixon, and Richard E. Zulkey, of Zulkey, Pikarski & Gordon, Chartered, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Robert Prusak, appeals from a circuit court order revoking his probation and sentencing him to a five-year term of imprisonment. Prusak argues that the court erred in determining that he violated the terms of his probation and the five-year term of imprisonment is excessive. We reverse and remand.

On October 28, 1986, Prusak pleaded guilty to one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(b)). This charge was based on allegations that Prusak knowingly fondled his daughter's breasts. The court sentenced Prusak to a three-year term of probation. As a condition of his probation, the court ordered that Prusak "shall seek psychiatric evaluation in Sinnissippi Mental Health Center and shall cooperate with any treatment and recommendation made by that agency."

Shortly after his guilty plea, Prusak was evaluated by Robert Riley, the clinical supervisor of the center. Riley recommended that Prusak attend weekly meetings of the center's sexual offenders group. Prusak attended these meetings regularly until April 1987. At that time, Prusak was asked to leave the group due to his continued persistence that he did not remember having any inappropriate sexual

contact with his daughter.

On May 21, 1987, the State filed a petition for revocation of Prusak's probation. The State alleged that Prusak failed to satisfy a condition of his probation because he was "discontinued from services at Sinnissippi Mental Health Center due to his lack of cooperation." On June 4, 1987, Prusak denied the allegations in the petition and requested additional time to arrange alternative treatment at another facility. The court granted Prusak's request for a continuance. On July 1, the court again granted Prusak a continuance so he could undergo epilepsy treatment studies. On March 4, 1988, Prusak's counsel advised the court that Prusak also suffered from alcohol-related problems and had agreed to enroll in an appropriate program at the center. The State did not object to continuing the matter so long as the status of Prusak's treatment was reviewed within 90 days to determine if he was "desirous of participating." The State also informed the court that Prusak was complying with the other conditions imposed upon his probation.

On October 31, 1988, a hearing was held on the petition to revoke Prusak's probation. The court heard testimony from Robert Riley. Riley testified that he asked Prusak to leave the sexual offenders group in April 1987 due to Prusak's denial of "any specific memory of any contact for the purposes of sexual arousal." Riley stated that this memory lapse affected Prusak's treatment because "we cannot treat a person very long for a problem he denies having." However, Riley did state that denial is "almost universal" amongst persons accused of sexual offenses. Riley also confirmed that Prusak had mental problems relating to trauma, alcohol abuse and past sexual abuse. Riley testified that Prusak was taking dilantin and phenobarbital during the time he was attending the group sessions and these drugs could have affected Prusak's memory functions.

Additionally, Riley testified that Prusak's presence in the group "became somewhat disruptive to the group because he was the only person in the group who persistently maintained his innocence of sexual misconduct for such an extended period of time." However, Riley did state that he did not believe Prusak was making a conscious effort to be disruptive. Riley also stated that Prusak did everything that was required of him in the group sessions other than "accept responsibility for his sexual misconduct." Prusak did, however, relate to the group particular incidents of physical contact with his daughter that Prusak thought his daughter may have misconstrued.

The court revoked Prusak's probation stating, "The defendant has, maybe has followed the letter of the order but certainly not the spirit

of the order of probation." The court then set the matter for a sentencing hearing and stated, "People tell me that you have reports from various hospitals, etc. I want to see all of those reports." The court also required Prusak to submit to a mental and physical examination.

During the sentencing hearing, the court noted that there was a credibility problem regarding Prusak's loss of memory. The court concluded that "the defendant is a manipulator. *** Mr. Prusak, its [sic] the finding of this court that you are a manipulator, that you are not telling the truth and that you are a sexual deviate." The court then sentenced Prusak to a term of five years' imprisonment. Prusak appeals from the orders revoking his probation and sentencing him to a five-year term of imprisonment.

■■■ In a probation revocation proceeding the State must establish that the defendant violated a condition of his probation by a preponderance of the evidence. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(c); *People v. Crowell* (1973), 53 Ill. 2d 447, 451; *People v. Salamon* (1984), 126 Ill. App. 3d 1066, 1070.) The determination to terminate probation rests within the discretion of the trial court, and, absent a showing that the court's determination was against the manifest weight of the evidence, this court will not disturb the trial court's ruling. (*Salamon*, 126 Ill. App. 3d at 1070.) The decision to terminate probation is not *per se* against the manifest weight of the evidence simply because there is a conflict in the evidence. (*Salamon*, 126 Ill. App. 3d at 1070.) We find that the trial court's determination that Prusak violated a condition of his probation was against the manifest weight of the evidence.

The facts in this case are not in dispute, and there is no conflict in the evidence. The trial court admitted that Prusak "followed the letter of the order." However, the court found that Prusak did not follow "the spirit of the order of probation." The State has not cited, nor has this court found, any precedent that affirms the revocation of probation when the conditions imposed have been fully performed, but the "spirit" of the order has not been complied with.

■■■ The condition placed on Prusak's probation required him to seek treatment and "cooperate with any treatment and recommendation made by [the Center]." It is clear that Prusak submitted to an evaluation at the center. As a result of this examination, a treatment program was established pursuant to which Prusak was to attend weekly group counseling sessions. Riley testified that Prusak attended each and every counseling session required of him. Riley also testified that Prusak did everything that was required of him in the counseling sessions. The only thing that Prusak did not do was accept responsibil-

ity for his sexual misconduct. However, Riley stated that denial is "almost universal" amongst sex offenders. It appears that Prusak was simply exhibiting a common behavior of persons convicted of sexual misconduct. It seems paradoxical to classify an individual as a sex offender and sentence him to probation and then revoke his probation because he exhibits behavior commonly displayed by sex offenders.

This decision becomes more troubling when Prusak's physical and mental condition is taken into consideration. While it is true that even insanity is not a defense to a petition for revocation (see *People v. Allegri* (1985), 109 Ill. 2d 309, 317), the mental condition of the defendant is a factor to be considered in a revocation proceeding. (See *People v. Welch* (1979), 78 Ill. App. 3d 184.) The record indicates that Prusak does suffer from physical ailments that affect his mental abilities, including his ability to remember clearly. By denying any memory of the sexual misconduct for which he was convicted, he is again only exhibiting conduct expected from a person in his condition.

Approximately one week after Prusak was dismissed from the group, Riley wrote a letter to Prusak's probation officer stating:

"Before any more specific recommendations can be made, I believe that Robert needs to be referred to a medical facility for an exhaustive neurological and medical examination to determine if there is any medical condition present which could account for his impulsive behavior and extensive periods of (claimed) memory loss. Until said evaluation is completed, I do not believe that it is safe to the children now in the household for Robert to be living with them. *Regardless of the outcome of such an evaluation, Robert has shown that he will not benefit from outpatient sexual offender services.*" (Emphasis added.)

Simply because Prusak did not benefit from fulfilling the condition imposed upon his probation does not mean that he did not satisfy the condition. The trial court improperly interpreted the condition of probation to mean that not only did Prusak have to undergo treatment, but he was also required to be "cured."

For the reasons set forth above, we find that Prusak did not violate the conditions imposed upon his probation. Therefore, the order of the circuit court of Lee County revoking Prusak's probation and sentencing him to a five-year term of imprisonment is reversed. This case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS and REINHARD, JJ., concur.