THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GREGORY TORAN, Defendant-Appellant.

Second District   No. 2—89—1083

Opinion filed October 10, 1991.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:
Defendant, Gregory Toran, pleaded guilty to the offense of theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)(A)) pursuant to a negotiated plea agreement and was sentenced to a term of 30 months' probation. Defendant was also ordered to perform 200 hours of public service work, to undergo treatment through the Treatment Alternative to Street Crimes (TASC) program and through the Veterans Administration, and to serve a term of 18 months of periodic imprisonment. Defendant's probation was later revoked for failure to complete

treatment through the TASC program, and defendant was again sentenced to a term of 30 months' probation. Subsequently, defendant's probation was revoked because the trial court found that defendant violated the terms of his probation by using cocaine. Defendant was sentenced to a term of four years in the Department of Corrections.

Defendant raises only one issue on appeal: whether he is entitled to a new hearing regarding the petition to revoke his probation for cocaine use because the trial court relied on defendant's involuntary admission of drug use. We affirm.

Defendant was charged by information with the offenses of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) and possession of burglary tools (Ill. Rev. Stat. 1989, ch. 38, par. 19—2(a)). On January 17, 1989, the State amended the information charging defendant with burglary to charge defendant with theft. The State then nol-prossed the charge of possession of burglary tools. Defendant pleaded guilty to the offense of theft, and the State recommended a maximum sentence of three years in the Department of Corrections.

A presentence investigation report was prepared. The report showed that defendant had numerous prior convictions, the majority for theft or retail theft. The report stated that defendant began using heroin at age 21, while he was in the military stationed in Viet Nam. The report stated that defendant had participated several times in substance abuse treatment, but still suffered from chronic heroin addiction and was in need of long-term inpatient treatment. According to the report, defendant also stated that he was suffering from post-traumatic stress syndrome.

A TASC evaluation was also completed which stated that defendant was eligible for treatment through TASC. The evaluation stated that defendant's primary substance of abuse was heroin and his secondary substance of abuse was cocaine.

On March 22, 1989, defendant was sentenced to a term of 30 months' probation. Defendant was also ordered to perform 200 hours of public service work, to undergo treatment through the TASC program and through the Veterans Administration, and to serve a term of 18 months of periodic imprisonment.

On June 30, 1989, a petition to revoke defendant's probation was filed which alleged that defendant failed to complete the TASC program successfully. On July 13, 1989, defendant admitted that he failed to complete the TASC program, and his probation was revoked. Defendant was sentenced to a term of 30 months' probation. Defendant was again ordered to perform 200 hours of public service work and was also ordered to serve a term of 18 months of periodic impris-

onment in the work-release program. The order also stated that a condition of defendant's probation was that defendant shall not "violate any criminal statute of any jurisdiction."

A second petition to revoke defendant's probation was filed on August 9, 1989. This petition stated, in count I, that defendant's urine sample tested positive for cocaine on July 22, 1989, and, in count II, that defendant's urine sample tested positive for cocaine on July 31, 1989. A hearing was held regarding the petition on August 16, 1989. The State proceeded only on count I of the petition.

The State presented evidence that a urine sample was collected from defendant on July 22, 1989, after he returned to work release. The sample was tested twice. The sample was first tested with an ADx drug analyzer, and the test showed that the sample was positive for cocaine. A thin layer chromatography test was also performed on the sample using the Toxi-Lab TLC method. This test showed the presence of cocaine metabolite. Testimony was presented that both testing methods were generally accepted as reliable within the chemistry field.

Rich Whitney, chief director of the work-release program, testified that defendant admitted that, on July 22, 1989, he used cocaine. Defendant signed an admission of use form. The form was admitted into evidence and stated (the underlining indicates completed blanks in the preprinted form):

"I admit that I have used the following drugs/alcohol Heroin & possibly cocaine on the following date(s) 7/22/89."

The form was signed by defendant and dated July 29, 1989. Rich Whitney and Rick Riddle signed as witnesses. The date behind both of those signatures was July 30, 1989.

During cross-examination, Whitney stated that defendant first denied that he had used cocaine. When asked if he told the defendant that if the defendant signed the admission form defendant's probation would not be revoked, Whitney replied, "[a]bsolutely not."

Defendant testified that he told Whitney that he had not used heroin or cocaine. He stated that Whitney told him that if he did not admit it, Whitney would send in a petition to revoke his probation and would not let him go to work. Whitney told him that if he admitted it, Whitney would cut him some slack and let him go to work. Defendant testified that he told Whitney that he did not use cocaine and that his drug of choice was heroin. He signed the form because he was told he could go to work if he signed it. He was allowed to go to work the next day.

Following this testimony, the trial court noted that there were two tests done by two separate machines indicating the same result and that there was also defendant's admission. The court therefore found that defendant was in violation of the conditions of his probation.

Prior to sentencing, defendant filed a motion to reconsider this finding, alleging, among other things, that the court erred in admitting defendant's confession as there was testimony that it was coerced and was not voluntary.

An updated presentence investigation report was prepared, and a sentencing hearing was held on September 13, 1989. The court sentenced defendant to a prison term of four years in the Department of Corrections. Defendant filed a motion to reconsider the sentence on September 21, 1989.

A hearing was later held, on October 13, 1989, regarding defendant's motion to reconsider the finding that he violated the conditions of his probation. At the hearing, Richard Riddle testified that he was employed by the Lake County sheriff's office as director of program servicing in the jail. On July 29, 1989, he and Whitney talked to defendant in Whitney's office about defendant's urine sample, taken July 22, 1989, which tested positive for cocaine. Riddle testified that defendant "more or less" indicated that he was using heroin, but denied that he used cocaine. Riddle stated that the problem was that the test was positive for cocaine but the test did not determine that there were opiates in the urine sample. Whitney told defendant that if defendant was willing to give them the truth, Whitney "might be willing to cut him a little slack at that point, file a petition to revoke." It was after that that defendant agreed to sign the form stating that he used heroin and possibly cocaine. Riddle testified that a petition to revoke was not filed until a second urine sample was taken July 31, 1989, which also tested positive for cocaine.

The trial court denied defendant's motion, and this timely appeal followed.

On appeal, defendant argues that the order revoking his probation must be reversed because the admission form should not have been admitted. He contends that his testimony and Riddle's testimony established that he admitted cocaine usage only after Whitney promised him leniency, rendering the admission involuntary. Defendant additionally contends that the error in admitting the involuntary statement cannot be harmless error "even though there is ample evidence of guilt from other sources," citing *Mincey v. Arizona* (1978), 437 U.S. 385, 398, 57 L. Ed. 2d 290, 303-04, 98 S. Ct. 2408, 2416, and *Jackson*

*v. Denno* (1964), 378 U.S. 368, 376, 12 L. Ed. 2d 908, 915, 84 S. Ct. 1774, 1780.

The State argues that the admission was properly admitted because defendant did not prove that his "will was overborne" so that the statement was involuntary. It also contends that, even if defendant's statement was involuntary, the admission of the form could be found to be harmless error under the recent decision of the United States Supreme Court in *Arizona v. Fulminante* (1991), 499 U.S. 279, 113 L. Ed. 2d 302, 111 S. Ct. 1246. The State asserts that there was very reliable evidence of defendant's drug use so that the admission of defendant's statement was harmless error.

■ Defendant is correct that an involuntary statement may not be used at a probation revocation hearing. (*People v. Peterson* (1978), 74 Ill. 2d 478, 485.) However, even if we accepted defendant's argument that his statement was involuntary because of the promise of leniency made by Whitney before defendant signed the admission, it is clear that admitting the statement into evidence was harmless error under these circumstances.

Defendant has essentially conceded that there was ample evidence of guilt, but argues that the admission of an involuntary statement cannot be harmless error. The State is correct, however, that it can be harmless error based on *Fulminante*. In *Fulminante*, the United States Supreme Court held that the admission of an involuntary confession at trial did not require automatic reversal of a criminal conviction. (*Fulminante*, 499 U.S. at ____, 113 L. Ed. 2d at 329-33, 111 S. Ct. at 1263-66.) Where an involuntary statement was admitted at trial, therefore, a reviewing court may affirm the conviction if the admission of the statement is determined to be harmless error beyond a reasonable doubt. (*Fulminate*, 499 U.S. at ____, 113 L. Ed. 2d at 331-33, 111 S. Ct. at 1265-66.) We conclude that, if the admission of an involuntary statement at trial may be harmless error, the admission of an involuntary statement at a probation revocation hearing certainly may also be harmless error.

■ We note that defendant has accepted throughout these proceedings that cocaine use was a violation of the conditions of his probation. It was apparently a violation because the probation order prohibited him from violating any criminal statute of any jurisdiction. (See also Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3(a)(1).) In a probation revocation hearing, the State must establish, by a preponderance of the evidence, that the defendant violated a condition of his probation. Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(c); *People v. Prusak* (1990), 200 Ill. App. 3d 146, 149.

■ Therefore, in this case, the State had to prove, by a preponderance of the evidence, that defendant used cocaine. The State presented evidence that a urine sample was collected from defendant on July 22, 1989. The sample was tested twice, using two different methods, and tested positive for cocaine on both occasions. We conclude that this evidence was sufficient to prove that defendant used cocaine. (See *People v. Walker* (1987), 164 Ill. App. 3d 133, 135-36 (defendant proved guilty of violating the terms of his probation by a preponderance of the evidence where the urinalysis test showing the presence of cannabis was performed twice).) Even without defendant's admission, then, the trial court would have reached the same conclusion and would have found that defendant violated the conditions of his probation. We therefore conclude that the admission of defendant's statement was harmless error beyond a reasonable doubt.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and NICKELS, JJ., concur.