No. 3--04-0422
Filed May 4, 2006

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--480 |
| LEONARD IRELAND, | ) | Honorable |
| Defendant-Appellant. | ) ) | Kathy Bradshaw-Elliott, Judge, Presiding. |

PRESIDING JUSTICE SCHMIDT delivered the opinion of the court:

Defendant, Leonard Ireland, was convicted of criminal sexual assault in violation of section 12--13(a)(3) of the Criminal Code of 1961 (the Code) (720 ILCS 5/12--13(a)(3) (West 2000)) in the circuit court of Kankakee County. As a result of this conviction, defendant was sentenced to time served plus four years' probation. The defendant's probation was ultimately revoked and it is from that order of revocation that defendant appeals.

BACKGROUND

On September 19, 2001, a six-count information was filed

against defendant alleging three counts of predatory criminal sexual assault of a child in violation of section 12--14.1(a)(1) of the Code and three counts of criminal sexual assault in violation of section 12--13(a)(3) of the Code.  720 ILCS 5/12--14.1(a)(1), 12--13(a)(3) (West 2000).  Ultimately, the grand jury of Kankakee County returned a bill of indictment which mirrored the six counts as detailed in the information.  The grand jury indictment reads as follows:

"COUNT I

(Class X Felony)

The Grand Jury charges:

That on or between May 1, 2000 and August 25, 2000, in the County of Kankakee and State of Illinois, LEONARD IRELAND, Defendant, committed the offense of PREDATORY CRIMINAL SEXUAL ASSAULT OF A CHILD, in that said defendant, being 17 years of age or over, committed an act of sexual penetration with 'T.I.', a female child, who was under 13 years of age when the act was committed, in that said defendant placed his finger in the vagina of 'T.I.', in violation of Chapter 720, Paragraph 5/12-14.1(a)(1) of the Illinois Compiled Statutes.

COUNT II

(Class X Felony)

The Grand Jury further charges:

2

That on or between May 1, 2000 and August 25 2000, in the County of Kankakee and State of Illinois, LEONARD IRELAND, Defendant, committed the offense of PREDATORY CRIMINAL SEXUAL ASSAULT OF A CHILD, in that said defendant, being 17 years of age or over, committed an act of sexual penetration with 'T.I.', a female child, who was under 13 years of age when the act was committed, in that said defendant placed his penis in the vagina of 'T.I.', in violation of Chapter 720, Paragraph 5/12-14.1(a)(1) of the Illinois Compiled Statutes.

## COUNT III

### (Class X Felony)

The Grand Jury further charges:

That on or between May 1, 2000 and August 25, 2000, in the County of Kankakee and State of Illinois, LEONARD IRELAND, Defendant, committed the offense of PREDATORY CRIMINAL SEXUAL ASSAULT OF A CHILD, in that said defendant, being 17 years of age or over, committed an act of sexual penetration with 'T.I.', a female child, who was under 13 years of age when the act was committed, in that said defendant placed his penis in the mouth of 'T.I.', in violation of Chapter 720, Paragraph 5/12-14.1(a)(1) of the Illinois Compiled Statutes.

## COUNT IV

3

(Class I Felony)

The Grand Jury further charges:

That on or between May 1, 2000 and August 26, 2000, in the County of Kankakee and State of Illinois, LEONARD IRELAND, Defendant, committed the offense of CRIMINAL SEXUAL ASSAULT, in that said defendant, the grandfather of 'T.I.', a female child, did knowingly commit an act of sexual penetration with 'T.I.', who was under 18 years of age when the act was committed, in that said defendant did place his finger in the vagina of 'T.I.', in violation of Chapter 720, Paragraph 5/12-13(a)(3) of the Illinois Compiled Statutes.

COUNT V

(Class I Felony)

The Grand Jury further charges:

That on or between May 1, 2000 and August 26, 2000, in the County of Kankakee and State of Illinois, LEONARD IRELAND, Defendant, committed the offense of CRIMINAL SEXUAL ASSAULT, in that said defendant, the grandfather of 'T.I', a female child, did knowingly commit an act of sexual penetration with 'T.I.', who was under 18 years of age when the act was committed, in that said defendant did place his penis in the vagina of 'T.I.', in violation of Chapter 720, Paragraph 5/12-13(a)(3)

4

of the Illinois Compiled Statutes.

COUNT VI

(Class I Felony)

The Grand Jury further charges:

That on or between May 1, 2000 and August 26, 2000, in the County of Kankakee and State of Illinois, LEONARD IRELAND, Defendant committed the offense of CRIMINAL SEXUAL ASSAULT, in that said defendant, the grandfather of 'T.I.', a female child, did knowingly commit an act of sexual penetration with 'T.I.', who was under 18 years of age when the act was committed, in that said defendant did place his penis in the mouth of 'T.I.', in violation of Chapter 720, Paragraph 5/12-13(a)(3) of the Illinois Compiled Statutes."

At his arraignment on October 19, 2001, defendant pled not guilty to the charges and demanded a jury trial. However, on August 2, 2002, pursuant to a plea agreement, and after receiving the proper admonishments, defendant waived his right to a jury trial and pled guilty to one count (count IV) of criminal sexual assault. In exchange for his plea of guilty, the State dismissed the other five counts against defendant. During the August 2, 2002, hearing, the trial court read count IV to defendant and asked, "Are you now changing your plea from not-guilty to guilty as to count IV, a Class I felony?" Defendant answered in the

5

affirmative.  The trial court also stated during this hearing, "I just want to make sure [because], as I say often, sex offender probation is a three page form with many conditions.  I want to make sure you had a chance to read that."  Defendant answered, "I have."

The trial court continued, "Now, if you do not successfully complete that four years sex offender probation, you could be resentenced.  If the State in fact files a petition to revoke that probation and proves it -- their burden of proof is preponderance of the evidence -- then I can resentence you."

After the State proffered its evidence that the victim would testify defendant placed his penis in her vagina, the court found that there was a factual basis upon which to accept the plea agreement and further stated, "And one last time, Mr. Ireland; you had a chance to look over the sex offender probation form.  And as I said, it's very detailed as to what you have to do.  And you will be on reporting probation for four years, plus go through counseling and a number of other requirements.  Do you wish to accept this plea agreement?"  Defendant then answered, "Yes, ma'am."  Defendant was then sentenced to four years' sex offender probation and time he already served in the county jail.

On August 12, 2002, defendant signed the three-page order of probation form discussed by the circuit court.  Relevant sections of that form state as follows:

6

"The defendant shall attend and participate in such counseling treatment programs as may be directed in writing by a probation officer and abide by all rules, regulations and directions of any such program. Failure to participate in such counseling is a sufficient basis to find a violation of these conditions.

The defendant shall, at the directions and discretion of the Kankakee County Probation Department, submit himself/herself for and successfully complete a sexual abuse evaluation as requested by the Kankakee County Probation Department. The defendant shall also comply with any recommended treatment provider's rules, regulations and directions of their program (including but not limited to polygraph/ plethysmograph testing). Willful failure to comply with any recommended treatment provider's rules, regulations and directions is a sufficient basis to find a violation of these conditions."

On October 30, 2002, the State filed a petition to revoke defendant's probation. The petition stated that defendant was granted probation by the court for a period of four years and that defendant failed to comply with the terms and conditions of

7

his probation in that he was unsuccessfully discharged from sex offender treatment.

At the hearing on the petition to revoke, the State called Dr. James Simone to provide testimony. Dr. Simone stated that he is in private practice and has a contract with the County of Kankakee to run the sex offender treatment program. Dr. Simone stated as part of that program, defendant was referred to him and he met with defendant in October of 2002. Dr. Simone stated that the initial step in the program is a preplacement interview. During this preplacement interview, Dr. Simone discusses the logistics of the program with the offender.

Dr. Simone further testified that part of the initial interview involves the discussion of a "treatment contract," all the rules, the regulations, expectations for the group, and when the group will meet, and is "an opportunity for [the offender] to sign all of this paperwork or to take it home with them and read it over and bring it back signed."

Dr. Simone was then asked, "Did Mr. Ireland sign any paperwork?" Dr. Simone stated that defendant did not sign any of the paperwork associated with the treatment program because "Mr. Ireland said that he had not -- was not guilty of the offense and that he wasn't going to participate in treatment." Dr. Simone stated that he then "explained to him that -- that he was required to attend the group as part of his probation. That if

8

he didn't sign the paperwork or attend the group, that I would discharge him unsuccessfully and inform his probation officer." Dr. Simone further testified that to the best of his recollection, defendant "never" came to the group counseling sessions.

On cross-examination, Dr. Simone explained that the paperwork "requires the individual to take responsibility for their offense." Simone ultimately stated that this means that the offender "has to admit that he did it." The doctor explained that the treatment program consists of 20 mandatory assignments. The first mandatory assignment is the check-in, which requires "an individual to take responsibility and admission to the offense."

The only other witness called at the revocation hearing was the defendant. Defendant admitted that he did not sign the paperwork as requested by Dr. Simone. Defendant stated that the reason he did not sign the paperwork was "because of what it stated that I would have to explain what I did to [the victim], how I did it and I didn't do it. How can I say what I didn't do. I didn't do it." At the conclusion of the evidence portion of the hearing, the court asked defense counsel if defendant was "reconsidering his participation in the program." Defense counsel answered that he was not.

Following the conclusion of the evidence portion of the

9

hearing, the State argued that it had proved its petition by putting forth competent evidence that defendant failed to comply with the terms of his probation.  Defense counsel then argued that, "Granted, he's probably technically in violation of his probation, but I think you ought to consider at the time also the nature of the case and the fact that he did report to his other probation."  The trial court then stated, "The State's burden of proof is by a preponderance of the evidence in this petition and they certainly met it.  They show through Dr. Simone, as well as the defendant, that he went to meet with Dr. Simone.  He refused to sign the documents.  Thereafter, he never entered the group."  Having found that defendant violated the terms of his probation, the court then revoked defendant's probation.

## ANALYSIS

We review a trial court's determination that a defendant violated the terms of his probation under a manifest weight of the evidence standard.  *People v. Williams*, 303 Ill. App. 3d 264, 707 N.E.2d 729 (1999); *People v. Prusak*, 200 Ill. App. 3d 146, 558 N.E.2d 696 (1990).

Defendant's sole contention on appeal is that "the allegation that [he] violated his probation by being unsuccessfully discharged from sex offender probation was not proven by a preponderance of the evidence."  We disagree.

When accepting defendant's guilty plea, the trial court went

10

to great lengths to ensure that he was aware of the terms of his probation. One of these terms plainly states that, "The defendant shall attend and participate in such counseling treatment programs as may be directed in writing by a probation officer and abide by all rules, regulations and directions of any such program." By defendant's own admission, he did not abide by all rules, regulations and directions of the program as outlined by Dr. Simone. Clearly, the State proved by a preponderance of the evidence that defendant violated the terms of his probation.

Defendant claims that *People v. Prusak*, 200 Ill. App. 3d 146, 558 N.E.2d 696 (1990), and *People v. McClellan*, 353 Ill. App. 3d 1027, 820 N.E.2d 578 (2004), support his position that the State failed to prove he violated the terms of his probation. Defendant's reliance on these two cases is misplaced.

The glaring difference between *Prusak* and the case at bar is, as noted by the *Prusak* court, "that Prusak did everything that was required of him in the counseling sessions." *Prusak*, 200 Ill. App. 3d at 149. Defendant is correct to note that the appellate court reversed Prusak's revocation, finding that, "The only thing that Prusak did not do was accept responsibility for his sexual misconduct." *Prusak*, 200 Ill. App. 3d at 149-50.

Unlike the defendant here, Prusak did, in fact, attend therapy for several months, fulfilling that requirement of his

11

probation.  *Prusak*, 200 Ill. App. 3d at 148.  Prusak also related "to the group particular incidents of physical contact with his daughter that Prusak thought his daughter may have misconstrued." *Prusak*, 200 Ill. App. 3d at 148.  Defendant Ireland made it very clear to Dr. Simone at the initial interview that he had no intention of participating in the group counseling sessions. Again, Dr. Simone testified that defendant stated that he "was not guilty of the offense *and that he wasn't going to participate in treatment*."  (Emphasis added.)  While the Prusak defendant maintained his innocence and defendant Ireland refused to admit his guilt to Dr. Simone, the similarities between the two cases stop there.  This defendant simply refused to participate in the treatment program.

Assuming it was correctly decided, *McClellan* is also distinguishable from this case in that the *McClellan* court noted that defendant complied "with all the *requirements* demanded of her during her term of probation."  (Emphasis in original.) *McClellan*, 353 Ill. App. 3d at 1034.  Moreover, unlike the defendant in this case, McClellan participated in 2½ years of counseling and "[t]he parties also agree that the defendant had attended and participated in all group sessions required and had demonstrated appropriate effort on homework assignments and contributed to group discussions."  *McClellan*, 353 Ill. App. 3d

12

at 1030-31.

Unlike the McClellan defendant, Leonard Ireland made it clear that he would not participate in the counseling sessions as he claimed he had nothing to discuss. Neither *Prusak* nor *McClellan* supports defendant's contentions that the State failed to prove he violated the terms of his probation by a preponderance of the evidence.

Had defendant been convicted of any of the Class X felony counts, he would not have been eligible for probation (730 ILCS 5/5--5--3(c)(2)(C) (West 2000)) and would have faced a minimum term of incarceration of 6 years and a maximum term of 30 years (730 ILCS 5/5--8--1(a)(3) (West 2000)). Furthermore, defendant would have been eligible for "not only" an extended-term sentence of 30 to 60 years' incarceration (see 730 ILCS 5/5--5--3.2(c), 5--8--2(b)(2) (West 2000)), but also for consecutive sentences had he been convicted of more than one count detailed in the indictment. 730 ILCS 5/5--8--4(a)(ii) (West 2000). In light of defendant's age at the time of his plea and the charges filed against him, he faced the real possibility of spending the rest of his life in prison. To avoid a trial and the possibility of a long term of incarceration, defendant pled guilty to one count of criminal sexual assault of a minor under age 18.

Generally, defendants convicted of criminal sexual assault are not eligible for probation. 730 ILCS 5/5--5--3(c)(2)(H)

13

(West 2000). However, the legislature has enacted what is commonly referred to as the "family exception" to the general rule. 730 ILCS 5/5--5--3(e) (West 2000). The family exception does not mandate probation, but instead states:

"In cases where prosecution for criminal sexual assault or aggravated criminal sexual abuse under Section 12-13 or 12-16 of the Criminal Code of 1961 results in conviction of a defendant who was a family member of the victim at the time of the commission of the offense, the court shall consider the safety and welfare of the victim and may impose a sentence of probation only where:

(1) the court finds (A) or (B) or both are appropriate:

(A) the defendant is willing to undergo a court approved counseling program for a minimum duration of 2 years; or

(B) the defendant is willing to participate in a court approved plan including but not limited to the defendant's:

(i) removal from the household;

(ii) restricted contact with the victim;

(iii) continued financial support of the family;

(iv) restitution for harm done to the victim; and

14

(v) compliance with any other measures that the court may deem appropriate; and

***

Probation may be revoked or modified pursuant to Section 5-6-4; except where the court determines at the hearing that the defendant violated a condition of his or her probation restricting contact with the victim or other family members, *** the court shall revoke the defendant's probation and impose a term of imprisonment." 730 ILCS 5/5--5--3(e) (West 2000).

The record is crystal clear that defendant entered his plea of guilty with full knowledge of the consequences (including sex offender counseling). He then refused the court-approved and statutorily mandated counseling, claiming he is not guilty of the offense to which he pled. In an obvious attempt to give defendant one last chance to avoid prison, the trial judge, following the conclusion of the evidence at the revocation hearing, asked whether defendant was reconsidering his decision not to participate in the counseling. Defense counsel announced that defendant had not changed his position.

Defendant was charged with sexually penetrating his 11-year-old granddaughter three different ways. He was willing to admit his guilt to avoid the risk of conviction on multiple counts, but

15

then, as soon as he was granted probation, he denied his guilt and refused to cooperate in sex offender counseling, frustrating the very purpose of his probation. In light of the crime to which defendant pled guilty, participation in sex offender counseling was a statutory requirement of probation. Defendant cannot have it both ways. We find that the trial court's determination that defendant violated the terms of his probation is supported by the manifest weight of the evidence.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

LYTTON and O'BRIEN, JJ., concur.

16