THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RANDY HOGA, Defendant-Appellant.

Fifth District   No. 81—524

Opinion filed September 20, 1982.

Marvin Barnes, of Granite City, for appellant.

Don Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Randy Hoga, pleaded guilty before the Honorable Lola Maddox to unlawful use of weapons in violation of section 24—1(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(3)), and on July 7, 1981, was placed on court supervision. On July 30, 1981, a petition to revoke supervision was filed, alleging that defendant had committed the offense of aggravated assault. On Sep-

tember 25, 1981, notice was sent that a hearing on the petition to revoke supervision was scheduled for October 2, 1981, before the Honorable Thomas Hildebrand. On October 1, 1981, defendant filed a "Perition [*sic*] and Affidavit for Change of Venue" which alleged in conclusory terms that Judge Hildebrand was prejudiced against defendant and prayed that another judge conduct the hearing. Subsequent to the hearing at which defendant was found by a preponderance of the evidence to have violated supervision and sentenced to 364 days' imprisonment, the court denied defendant's motion for change of venue on the basis that a sufficient showing for granting the motion was not made and that the motion was filed prior to defendant's attorney entering his appearance of record. On appeal, the defendant contends, (1) that the court improperly denied his motion for substitution of judges; (2) that the State failed to prove that he violated supervision; (3) that the charge of violation of supervision does not state an offense; and (4) that the sentence was improper.

■■ ■ In support of his first contention, that the court erred in denying his motion for substitution of judge, the defendant relies upon the provisions of section 114—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—5). Section 114—5(a) provides for automatic substitution of judges upon motion of a defendant filed within 10 days after a cause is placed on the trial call of the judge. The courts have uniformly held that this section is not applicable to proceedings to revoke probation. (*People v. Malone* (1976), 41 Ill. App. 3d 914, 354 N.E.2d 911.) The rationale of *Malone* is equally applicable to a petition for revocation of supervision; therefore, we conclude that section 114—5(a) of the Code does not apply to proceedings to revoke supervision. With respect to section 114—5(c) of the Code, providing for a substitution of judge for cause, defendant's motion was conclusory and failed to state any specific allegations of prejudice, such as when the alleged prejudice of the trial judge arose or when the alleged prejudice came to defendant's knowledge; therefore, the motion was properly denied. *People v. Spurlark* (1978), 67 Ill. App. 3d 186, 384 N.E.2d 767.

Next, defendant contends that the evidence does not establish that the aggravated assault occurred on or about "a public way, public property, or public place of accommodation or amusement." (Ill. Rev. Stat. 1979, ch. 38, par. 12—2(a)(9).) The information charged that the offense occurred while defendant was standing on Route 159. At the hearing, Robert Hulsey testified that on July 18, 1981, at 9 a.m. he was visiting his daughter in Collinsville, Illinois, when he stopped at the mailbox. Mr. Hulsey wanted to proceed onto Route 159 when

defendant blocked the path. The mailbox is on the property line facing toward Route 159. After Mr. Hulsey went to the mailbox he attempted to get back into his automobile. Defendant then pushed the car door, which hit Mr. Hulsey in the back. Mr. Hulsey was able to get into his automobile and lock the door. Defendant beat on the window and threatened "to get" Mr. Hulsey. Defendant was standing in the gutter of Route 159, a State highway, and blocking the driveway to Mr. Hulsey's daughter's business. Defendant was shouting and making threatening gestures. Mr. Hulsey testified without obligation that on one previous occasion, defendant attacked him with an axe. Defendant ceased threatening Mr. Hulsey when Dale Hoga called defendant to the house.

Defendant testified that on July 18, 1981, he and Richard Shane went fishing at Barth's Lake at 7 a.m. and returned at 3:30 p.m. Barth's Lake sold defendant a badge and charged defendant a dollar for each of his two fishing poles. Defendant could not remember on which highway the lake was located. Defendant denied threatening or blocking Mr. Hulsey's path.

Richard Shane testified that on July 18, 1981, he went fishing with defendant. He met defendant at 6:15 a.m. at defendant's house and returned home at approximately 3:30 p.m. Mr. Shane identified the ticket-badge which Barth's Lake sold him. Defendant drove; therefore, Mr. Shane was not sure on which highway Barth's Lake was located. Defendant had one fishing pole, a rod and reel combination.

The court found that the State had not proved that defendant had violated his supervision beyond a reasonable doubt but had proved a violation by a preponderance of the evidence. The court found that the State's witness was more credible that defendant's witnesses. In support of that finding the court stated that the badge-tickets did not have a time noted on them, that defendant could have gone fishing after the incident, and that there were conflicts in the testimony of defendant's witnesses.

█▊ █ In order to establish a violation of supervision, the State must prove the violation by a preponderance of the evidence. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(c).) It is the function of the trier of fact to determine the credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence. (*People v. Akis* (1976), 63 Ill. 2d 296, 347 N.E.2d 733). Mr. Hulsey testified that defendant was standing in the gutter of State Route 159 while he threatened Mr. Hulsey, who was in his automobile. The evidence was sufficient to establish that Mr. Hulsey was "on or

about a public way" at the time he was assaulted and that defendant was, in fact, on the public way. Based on the record on appeal, we conclude that the finding of violation of supervision·is not against the manifest weight of the evidence.

██◄ ■ Defendant further contends that the charge of violation of supervision does not state an offense. The charge stated:

"[O]n the 18th day of July, 1981, the defendant committed the offense of Aggravated Assault in violation of the Illinois Revised Statutes, Chapter 38, Paragraph 12—2, in that he shook his fist at Robert Hulsey and threatened him with bodily harm while said defendant was standing on Route 159 in front of Robert Hulsey's residence, 81-ECM-773 [*sic*] thereby placing Robert Hulsey in reasonable apprehension of receiving a battery."

The charge fails to state that Route 159 is a public way and fails to specify the subsection of section 12—2 which defendant was alleged to have violated; however, the allegation in the petition to revoke was not objected to in the trial court. When attacked for the first time on appeal, a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allows pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) When the allegation ·of violation of supervision is tested against the standard of *Pujoue*, it can successfully withstand attack for the first time on appeal.

██ Immediately after revoking supervision,¹ the court entered into the sentencing phase of the proceedings. No presentence report was prepared because none was required. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1.) In sentencing the defendant, the court stated:

"Now, the question at this point in time becomes one of what to do with the Defendant. Mr. Hoga has pending at this point in time aggravated assault which resulted a hung jury [*sic*] Tuesday night, 81-CCM-116. He has this pending aggravated assault charge which was the basis for the Petition to Revoke 81-ECM-773, and Mr. Hoga—Randy Hoga has exhibited in his past dealings with this Court an absolute disregard for orders not only of this Court but of every judge in this County who has had occasion to deal with the Hoga family.

There comes a time, boys and girls, when the rule of law must be followed. And there comes a point in time when talking doesn't do any good. The handwriting, Mr. Hoga, has been on the wall for a long time that you should keep a low profile and not get involved in any of these rather scurrilous activities.

But mindless of the constraints imposed upon you by this Court, subtle hints dropped, the fact that you're already out on appeal bond on the battery case that Judge Ferguson sentenced you on last year, you just don't seem to get the picture, Mr. Hoga. And I figure that one of two things is going to happen. Eventually you're going to get the hint or—three things. That's the outside possibility, get the hint. Or you will go to jail and do some time, file a Notice of Appeal to avoid that, or that you will run out of appeal bond and eventually serve a sentence. And I think the time has come, Mr. Hoga, for you to serve a sentence.

Accordingly, in hopes that it will cause a seize [*sic*] fire on Vandalia for a couple of blocks in either direction, it's going to be the sentence of this Court that Randy Hoga be sentenced to D.O.C. Vandalia Division for 364 days. Mittimus to issue instanter. The Court finds no just reason to delay enforcement or appeal of this Order, of course."

The defendant urges that the court improperly considered the cases pending against him when imposing sentence. The State contends that the trial court was considering these pending charges only in the context of determining whether to sentence defendant to probation. The State further argues that the court is presumed to have disregarded any improper evidence in imposing sentence. While it is true that the court is presumed to have disregarded improper considerations (*People v. Grau* (1975), 29 Ill. App. 3d 327, 330 N.E.2d 530), that presumption is rebutted by the statements of the court appearing in the record. The tenor of the court's statements is that defendant's conduct has been bad and that he has avoided incarceration but that now the time has come to punish defendant as severely as possible. The court refers to the defendant's disregard of orders of other judges in Madison County; however, there is nothing in the record upon which to base this statement. We further find that the reference to a hung jury has no relevance to the proceedings. None of the "scurrilous activities" to which the court referred involved a felony and only one resulted in a conviction. That the court considered improper factors in sentencing defendant is further evidenced by the fact that defendant received the maximum sentence of 364 days' imprisonment for the offense charged while there is no evidence in the record concerning the crime for which he was sentenced. In this regard, the trial judge was not familiar with the unlawful-use-of-weapons conviction because he did not accept the plea and there is no evidence in the record indicating that the court was apprised of the

details surrounding the charge.

We are not unmindful of the fact that evidence of prior criminal activity of a defendant may be introduced, despite the fact that no prosecution or conviction had resulted from the conduct, if it passes the tests of relevancy and accuracy. Thus, if such evidence is relevant to a determination of a proper sentence, if it appears trustworthy and if defendant is afforded an opportunity to cross-examine the witnesses, it is admissible. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) However, the rationale of *La Pointe* is not applicable in the case at bar because no victim or witness testified as to defendant's "scurrilous activities" or any other misconduct alluded to by the judge when he sentenced defendant. There was testimony by Mr. Hulsey that defendant previously had attacked him with an axe; however, the court made no reference to this event when imposing sentence on defendant. There also was testimony concerning the aggravated assault which led to the revocation of supervision. In this regard, a sentence imposed after the revocation of supervision may not be supported by testimony of the acts leading to revocation except as those acts reflect on defendant's potential for rehabilitation. The sentence given must be imposed on the basis of the crime for which defendant was convicted. *People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309; *People v. Ford* (1972), 4 Ill. App. 3d 291, 280 N.E.2d 728.

Finding that the court abused its discretion in considering improper factors (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541), the revocation of supervision is affirmed, the sentence is vacated, and the cause is remanded to the circuit court of Madison County with directions to conduct a new sentencing hearing.

Affirmed in part, vacated in part, and remanded with directions.

JONES and HARRISON, JJ., concur.