Hillsborough
No. 90-215

THE STATE OF NEW HAMPSHIRE

v.

JAMES WELLINGTON

March 25, 1991

*John P. Arnold*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief, and *Mark Howard*, assistant attorney general, orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

### MEMORANDUM OPINION

BROCK, C.J. This case involves findings of probation violations and imposition by the Superior Court (*Murphy*, J.) of a previously suspended sentence for aggravated felonious sexual assault. We affirm.

In February 1987, the defendant, James Wellington, pleaded guilty to aggravated felonious sexual assault involving sexual intercourse with an eleven-year-old girl, RSA 632-A:2, XI, whereupon he received a five-to-fifteen year suspended sentence and was placed on

probation for five years. As part of his probation, the defendant was required to comply with numerous "good behavior" conditions, as well as several specific conditions which included the requirement that he not have any unsupervised contact with children.

In April 1990, pursuant to a probation violation report and an evidentiary hearing, the superior court found, by a preponderance of the evidence, that the defendant had violated his probation in eight ways, including, *inter alia*: (1) by failing to respond truthfully to his probation officer's inquiries about his employment status; (2) by failing to notify his probation officer of his involvement with the Hollis Police Department; (3) by failing to remain on good behavior and arrest free; and (4) by having unsupervised contact with children. Based on these findings, the trial court ordered that the defendant serve the entire five-to-fifteen year sentence that had originally been suspended.

On appeal, the defendant does not argue that the trial court lacked adequate grounds for revoking his probation. Rather, he argues that, in determining how much of the suspended sentence to impose, the trial court may have improperly relied on testimonial hearsay evidence introduced allegedly in violation of the defendant's right to confront adverse witnesses. The flaw in the defendant's argument, however, is that out of the eight probation violations found by the court, seven are supported solely by direct evidence that is unchallenged on appeal. Moreover, the trial court, in its order, explicitly excluded a finding of an alleged ninth violation because the evidence supporting it was the very hearsay evidence that the defendant now challenges on appeal.

 In *State v. Stearns*, 130 N.H. 475, 493, 547 A.2d 672, 686 (1988), we applied the abuse of discretion standard to review an initial sentencing determination. Because the harm to a defendant who faces an erroneous imposition of a previously suspended sentence due to a probation violation can be no greater than the harm he faces by an erroneous initial sentence, we see no reason to depart from the abuse of discretion standard when reviewing the imposition of a previously suspended sentence. Under these circumstances, where there is overwhelming direct evidence supporting seven unchallenged findings of probation violations, we cannot say that the trial court abused its discretion when it imposed the previously suspended five-to-fifteen year sentence.

*Affirmed.*

All concurred.