THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN CARL McGUIRE, Defendant-Appellant.

Second District   No. 2—89—0529

Opinion filed July 15, 1991.

G. Joseph Weller, Paul J. Glaser, and David W. Devinger, all of State Appellate Defender's Office, of Elgin, for appellant.

Daniel A. Fish, State's Attorney, of Dixon, and William H. Hall, of Springfield (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Brian Carl McGuire, defendant, was charged in the circuit court of Lee County by information with the offense of criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—15(c)). Following a negotiated plea of guilty and a stipulation of facts, the circuit court sentenced defendant to a two-year term of court supervision and, among the conditions thereof, ordered defendant to "seek an evaluation as determined by the probation office and follow all recommendations made."

On January 25, 1989, the State petitioned the court for termination of court supervision because defendant failed to abide by the terms of the supervision specifically, that defendant "failed to follow the recommendations of the Lee County probation department in that he ceased to cooperate with treatment at Sinnissippi Centers, Inc." (Sinnissippi). Following a hearing on the petition, the court terminated the supervision and sentenced defendant to one year's imprisonment.

Defendant raises two issues on appeal: (1) whether the trial court's decision to terminate supervision was against the manifest weight of the evidence; and (2) whether the trial court abused its discretion in sentencing defendant to one year's imprisonment.

On September 14, 1988, during the negotiated plea of guilty, the State and defendant stipulated to the following as the factual basis for the plea:

"MS. STOCKTON [Assistant State's Attorney]: Your Honor, if the People of the State of Illinois went to a trial the People would call [L.M.] to the stand and he would testify that on March 15th, 1987, when he was 13 years old, Brian McGuire, the Defendant, placed his penis in [L.M.'s] anus and that the Defendant ejaculated during the anal intercourse. He would further testify that this occurred in the bedroom of the Defendant at 1836 West Third Street in Dixon, Lee County, Illinois.

The People then would call Detective Harry Ulferts from the Dixon Police Department who would testify that on January 21st, 1988, he had conversation with the Defendant, Brian McGuire, at the Dixon Police Department. The Defendant stated during the conversation that he had anal intercourse with [L.M.]."

Pursuant to the terms of the plea agreement, the trial court sentenced defendant to two years' court supervision and, as a condition, required an evaluation of defendant to be arranged by the probation department.

On April 3, 1989, at a hearing to terminate supervision, the State presented evidence that the defendant had continually denied any involvement in the offense. Because of defendant's denials, Stuart Nyi, a psychotherapist with Sinnissippi, determined that mental health services would not be beneficial to defendant. The State therefore argued that defendant had failed to cooperate with treatment and did not comply with a condition of the court's supervision order. The trial court terminated defendant's supervision and stated, "I'm also going to vacate the plea agreement and the guilty plea because I don't want any person who is innocent to accept, to say on the one hand that he didn't do it and then on the other hand that he's willing to enter a guilty plea."

On May 2, 1989, the trial court granted defendant's motion to vacate its order vacating the guilty plea and to reinstate defendant's guilty plea because the trial court was without authority to vacate the plea.

On May 9, 1989, the trial court held another hearing on the petition to terminate defendant's supervision. At this hearing, the trial court heard the testimony of Mary Hager, a probation officer with Lee County. Hager testified that on September 16, 1988, she met with defendant to discuss the terms of his supervision. At that time, defendant denied having committed the offense. On January 12, 1989, Hager again met with defendant to discuss counseling at Sinnissippi. At that time, she told defendant that she would "be filing a violation because he did not follow through with the counseling." Hager also testified that she had not been informed that defendant had successfully completed counseling. The parties then stipulated to the testimony of Stuart Nyi.

After hearing arguments, the trial judge stated the following:

"I think what we need is additional evidence on the part of Mr. Nyi. Subpoena him and bring him in here. Let's find out whether or not his evaluation was such that the Defendant was in need of treatment and then if that is the case then I think it's clear that that portion of the order would have been clearly complied with as far as the evaluation is concerned and then take one step further and determine whether or not once the evaluation was completed that the counseling would not have been completed because of the fact that Mr. McGuire did not cooperate."

On May 24, 1989, over defendant's objection, the trial court granted the State's motion to reopen this case to present Nyi's testimony. Nyi testified that he is a psychotherapist at Sinnissippi and that the Lee County probation department referred defendant to him. After five interviews with defendant, Nyi recommended that mental health treatment would not benefit defendant regarding the sexual offense because defendant denied committing the offense. Therefore, Nyi could not develop a treatment plan. On cross-examination, Nyi admitted that defendant cooperated in completing all paperwork and kept all appointments.

The trial court found that defendant had "totally refused to cooperate with the Sinnissippi Mental Health Center relative to the treatment for the offense" and, therefore, terminated the supervision and sentenced defendant to one year's imprisonment.

Defendant initially contends that the trial court erred in terminating his court supervision because he complied with all the conditions of supervision. The State contends that defendant's failure to admit to the offense during counseling effectively frustrated the

purpose of the supervision, thus violating a condition of his supervision.

On a State's motion to terminate supervision, the State has the burden of showing a violation of supervision by a preponderance of the evidence. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(c); *People v. Hoga* (1982), 109 Ill. App. 3d 258, 261, 440 N.E.2d 411.) A trial court's determination to revoke supervision will not be disturbed unless it is against the manifest weight of the evidence. See *Hoga*, 109 Ill. App. 3d at 262, 440 N.E.2d at 414.

In support of the contention that the trial court erred in finding that he violated supervision, defendant principally relies on this court's decision in *People v. Prusak* (1990), 200 Ill. App. 3d 146, 558 N.E.2d 696. In *Prusak*, the defendant pleaded guilty to one count of aggravated criminal sexual abuse and was sentenced to a three-year term of probation. As a condition of the defendant's probation, the court ordered that he "shall seek psychiatric evaluation in Sinnissippi Mental Health Center and shall cooperate with any treatment and recommendation made by that agency." (*Prusak*, 200 Ill. App. 3d at 147, 558 N.E.2d at 697.) The State filed a petition to revoke the defendant's probation because he had failed to satisfy a condition of his probation in that Sinnissippi discontinued the defendant from services "due to his lack of cooperation." (*Prusak*, 200 Ill. App. 3d at 148, 558 N.E.2d at 697.) The State contended that the defendant did not cooperate because he continually denied any specific memory of the offense. The trial court subsequently revoked the defendant's probation. *Prusak*, 200 Ill. App. 3d at 149, 558 N.E.2d at 698.

This court reversed the circuit court's judgment. We stated that it was clear that the defendant submitted to an evaluation, attended every counseling session and did everything that was required of him in the counseling sessions. The only thing that Prusak did not do was accept responsibility for his sexual misconduct, and that was caused by his mental disabilities including his inability to remember his misconduct. (*Prusak*, 200 Ill. App. 3d at 149-50, 558 N.E.2d at 698.) We found under the unusual facts present that defendant's conduct did not violate the condition imposed upon his probation.

We find *Prusak* substantially limited to its unique facts and not controlling here. In the instant case, defendant entered a negotiated plea of guilty to criminal sexual abuse and stipulated to facts which showed both his commission and admission of the offense. Pursuant to the terms of the negotiated plea, he was placed on court supervision for this offense conditioned, among other things,

on his seeking an evaluation and following all recommendations made. It is apparent that defendant failed to follow the recommendation of treatment when he refused to admit his involvement in the offense, an action directly contrary to the stipulation made at his plea of guilty for which the court placed him on supervision. Defendant's conduct in subsequently denying involvement in the offense frustrated the purpose of his court supervision of developing treatment through counseling.

The court in placing a defendant on court supervision may order reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3.1(c).) The State has the burden of going forward with the evidence and proving a violation of the condition. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(c).) In the analogous circumstances of a probation violation, it was held in *People v. Davis* (1984), 123 Ill. App. 3d 349, 462 N.E.2d 824, as follows:

> "Thus, although the defendant's fault is, in most cases, of great importance in determining whether the conditions of probation have been violated, circumstances beyond the defendant's control may provide an adequate basis for probation revocation where such circumstances frustrate the fundamental purpose or reason for the imposition of a sentence of probation." 123 Ill. App. 3d at 354, 462 N.E.2d at 828.

See also *People v. Allegri* (1985), 109 Ill. 2d 309, 314-15, 487 N.E.2d 606.

In this case, defendant's own conduct in failing to admit his involvement in the offense frustrated the development of a treatment plan which was a condition of his court supervision to which he had specifically agreed as a part of his negotiated plea of guilty. Under these circumstances, the circuit court's revocation of supervision was not against the manifest weight of the evidence.

The remaining issue raised by defendant is that his one-year jail sentence should be reduced because the statute for this offense authorizes only a sentence of imprisonment of less than one year. The State agrees that the one-year jail sentence imposed is not permitted by statute and requests that this court impose a sentence of 364 days in jail.

Pursuant to our authority under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we reduce defendant's punishment to 364 days in the Lee County jail. This sentence represents the intent of the circuit judge when he mistakenly imposed the original one-year

sentence when he could only sentence defendant to 364 days in jail. On this record, this sentence is appropriate.

Affirmed as modified.

UNVERZAGT and NICKELS, JJ., concur.