Strafford
No. 91-444

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM WOVERIS

December 15, 1993

*Jeffrey R. Howard*, attorney general (*John A. Curran*, assistant attorney general, on the brief and orally), for the State.

*Timothy M. Landry*, assistant appellate defender, on the brief and orally, for the defendant.

THAYER, J.   The defendant, William Woveris, appeals the Superior Court's (*Dickson*, J.) decision revoking his probation, arguing that the State failed to adduce sufficient evidence to establish that the defendant violated his probation by not meaningfully participating in counseling. We affirm.

On March 15, 1989, the defendant pled guilty to two counts of felonious sexual assault, contrary to RSA 632-A:3 (1986). Pursuant to a negotiated plea, Woveris was sentenced in part to five years probation with a special condition requiring him to participate in sex offender treatment. Subsequently, the defendant was evaluated at the Strafford Guidance Center and then at the Seacoast Mental Health Center, but was refused admittance to both programs. Based upon the failure to be admitted for treatment, the State filed a violation of probation report.

At the hearing on the probation violation, the witnesses called by both sides established that while treatment may indeed have been appropriate in light of the defendant's diagnosed condition of pedophilia, the defendant's denial of culpability for his behavior made such therapy impossible. The State argued on this basis that the defendant had failed to meaningfully participate in the counseling. The defendant argued that meaningful participation, while oftentimes required by a court order, was not clearly required by the terms of this particular sentencing order. The Superior Court (*O'Neill*, J.) clarified the sentence earlier imposed to require that the defendant not only undertake treatment, but also "meaningfully participate in same," but found that no violation had been established. The defendant does not argue that this clarification enhanced or otherwise impermissibly modified his sentence.

Following this clarification by the court, the defendant was accepted into the Strafford Guidance Program; he attended all fourteen scheduled sessions there. He was terminated from further participation, however, because he was not amenable to outpatient treatment. Specifically, Woveris generally denied his conduct, and "[a]t any time that he admitted the behavior, he denied his responsibility and . . . blamed his victims for it." Following this termination of treatment, the State filed a second violation of probation report. After another probation violation hearing centering on the defendant's continued failure to admit his behavior in the counseling context, which the Center's director characterized as a failure to participate meaningfully in the program, the Superior Court (*Dickson*, J.) found that this failure to participate warranted a revocation of the defendant's probation.

We defer to a trial court's decision in probation revocation proceedings and reverse only where there has been an abuse of discretion. *State v. Wellington*, 134 N.H. 79, 80, 588 A.2d 372, 373 (1991). Further, in order to prevail, the defendant must show that the evidence, viewed in the light most favorable to the State, fails to support the decision. *State v. Field*, 132 N.H. 760, 766, 571 A.2d 1276, 1280 (1990).

While we have not before considered the issue, the defendant readily acknowledges that other jurisdictions have allowed a violation of probation in cases such as the instant one, where the defendant is not amenable to therapy for sexually deviant behavior due to his general denial of culpability, so long as the defendant was sufficiently on notice of the need to admit and discuss behavior as a condition of probation. *See, e.g., People v. McGuire*, 576 N.E.2d 391 (Ill.

App. Ct. 1991); *State v. Peck*, 149 Vt. 617, 547 A.2d 1329 (1988); *see also State v. Smith*, 812 P.2d 470 (Utah App. 1991), *cert. denied*, 836 P.2d 1383 (Utah 1992). He argues, however, that the terms of his sentence did not give him sufficient notice that his probation would be revoked if he did not admit to and explore the reasons behind the conduct to which he pled guilty.

■■ We agree with the defendant's premise that sentencing orders must inform a defendant of the exact nature of the sentence in "plain and certain terms." *State v. Ingerson*, 130 N.H. 112, 115–16, 536 A.2d 161, 163 (1987) (quotation omitted). In this case, however, the defendant is hard-pressed to argue that he was not on notice of these requirements, particularly after the first probation revocation hearing, the entirety of which focused on his failure to participate adequately in the counseling programs because of his continued denial of culpability for his actions. Defendant's counsel argued at the time that the defendant had not been on notice that meaningful participation was required. In response, the trial court clarified that the sentence imposed did indeed require "meaningful participation" by the defendant. This clarification was brought to the defendant's attention by his probation officer. *See State v. Field*, 132 N.H. at 761–62, 571 A.2d at 1277 (defendant sufficiently apprised of condition of probation where probation officer discussed it with him at commencement of probation); *see also State v. Gleason*, 154 Vt. 205, 216, 576 A.2d 1246, 1252 (1990) (condition of probation requiring discussion of sexually deviant behavior made clear at first revocation hearing; probation properly revoked for failure to participate thereafter). Given these circumstances, we do not find that the trial court abused its discretion in determining that the defendant was aware that, under the terms of his probation, he might be required to admit to and discuss in a counseling setting the same sexually deviant behavior already admitted in the hearing on the plea bargain. His failure to do so effectively frustrated the development of a treatment plan, which was a specific condition of his plea agreement. *See People v. McGuire*, 576 N.E.2d at 394.

The record therefore supports the trial court's decision.

*Affirmed.*

All concurred.