Grafton
No. 99-506

THE STATE OF NEW HAMPSHIRE

v.

ANGEL ALMODOVAR

December 21, 2000

*Philip T. McLaughlin*, attorney general (*Michael A. Delaney*, assistant attorney general, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

GROFF, J., superior court justice, specially assigned under RSA 490:3. The defendant, Angel Almodovar, appeals the Superior Court's (*Fitzgerald*, J.) decision to revoke his probation. The superior court found that he violated a probation condition requiring him to obtain sex offender counseling. We affirm.

The following facts appear in the record. In January 1996, the defendant pleaded guilty to three counts of felonious sexual assault. *See* RSA 632-A:3 (1996). The court sentenced him to three and one-half to seven years on each charge. The court also required him to pay a fine and undergo sex offender counseling. The court deferred the defendant's sentence for five years, during which time it placed him on probation.

In March 1998, the court found that the defendant violated his probation by failing to report to Massachusetts probation authorities. It sentenced him to one year in prison, but permitted the suspension of the balance of his sentence if he arranged to participate in an approved sex offender program. Once he began treatment, the defendant was "to remain in and successfully complete that program as a specific condition of his probation."

The defendant began treatment in May 1998 in an approved sex offender program in Salem. In December 1998, the defendant notified his probation officer that he had been terminated from employment. Consequently, the defendant's probation officer and the program director agreed to permit the defendant to withdraw from the program temporarily. The defendant had not, however, completed treatment, and further counseling was required.

According to the defendant's probation officer, the defendant understood that his withdrawal was to be "a very temporary situation, that he was to resume counseling as soon as possible, that he would take steps immediately to ameliorate his condition right away." The defendant's probation officer expected the defendant to return to counseling within weeks. Following his temporary withdrawal from counseling, the defendant was required to provide his

probation officer with a job search log containing the names of places from which he had sought employment. The defendant never provided this information. Rather, he told his probation officer that he sought day labor through a day labor organization. The defendant never contacted the program director to resume counseling, and in March 1999, he was arrested for failing to comply with the conditions of his probation.

The trial court revoked his probation, finding that:

> [T]he defendant did not remain in and successfully complete the program he chose and applied to the Court and the Probation Department for approval of[; and]

> [T]he defendant has not made reasonable efforts with respect to remaining in counseling, that is, that his own description of the work situation indicates that he let other issues become more important to him than the completion of counseling.

This appeal followed.

On appeal, the defendant argues that: (1) he did not violate the condition of his probation because his probation officer permitted him to withdraw temporarily from the sex offender program; and (2) even if he did violate a condition of his probation, his violation was not willful.

"We defer to a trial court's decision in probation revocation proceedings and reverse only where there has been an abuse of discretion. Further, in order to prevail, the defendant must show that the evidence, viewed in the light most favorable to the State, fails to support the decision." *State v. Woveris*, 138 N.H. 33, 34, 635 A.2d 454, 455 (1993) (citation omitted).

The record supports the trial court's finding that the defendant failed to comply with the specific condition that he complete sex offender counseling. The defendant's argument that his probation officer effectively sanctioned his failure to complete counseling is not supported by the record. The probation officer testified that the defendant's withdrawal from counseling was to be temporary and that he was expected to return to counseling as soon as possible. It is undisputed that he failed to do so. We conclude, therefore, that the trial court's finding that the defendant failed to comply with a condition of his probation by failing to complete sex offender counseling was not erroneous.

The record also supports the trial court's finding that the defendant failed to make reasonable efforts to remain in counseling.

The trial court based its finding on the defendant's testimony about his employment situation, which it concluded demonstrated that the defendant "let other issues become more important to him than the completion of counseling." When asked what he did to resume counseling once he lost his job, the defendant answered only that he attempted to find work, not that he ever attempted to resume counseling. We therefore cannot conclude that the trial court's finding that the defendant failed to make reasonable efforts to remain in counseling was in error.

Finally, the defendant asserts that his failure to comply with the conditions of his probation was not willful, but instead was due to "circumstances beyond his control." This assertion, however, is not supported by the record. The only circumstance that the defendant cites is his alleged poverty. The defendant acknowledged that he was aware that the program would have permitted him to "go to counselling . . . without paying."

Accordingly, we hold that the trial court did not abuse its discretion in revoking the defendant's probation.

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred; MOHL, J., superior court justice, specially assigned under RSA 490:3 concurred; DUNN, J., retired superior court justice, sat for oral argument by special assignment under RSA 490:3 but did not take part in the final vote.