Grafton
No. 99-115

THE STATE OF NEW HAMPSHIRE

v.

JAMES GIBSON

June 1, 2001

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief, and *Nicholas Cort*, assistant attorney general, orally), for the State.

*James E. Duggan*, chief appellate defender, and *David M. Rothstein*, assistant appellate defender, of Concord (*Mr. Duggan* on the brief, and *Mr. Rothstein* orally), for the defendant.

BROCK, C.J. The defendant, James Gibson, appeals a finding of the Superior Court (*Fitzgerald*, J.) that he: (1) violated condition 1 of his probation by lying to his probation officer; and (2) violated condition 12C of his probation because he did not satisfactorily participate in sex offender counseling. We affirm in part, reverse in part, vacate, and remand for resentencing.

The following facts appear in the record. In November 1994, the defendant was sentenced to three and one-half to seven years in the State prison for committing felonious sexual assault and one year in the house of corrections for committing sexual assault. The superior court deferred both sentences for two years following the defendant's release from prison on another offense, and placed the defendant on probation for three years following his release.

In its 1994 sentencing order, the court recommended that the defendant undergo sexual offender counseling and stated, "The defendant is to participate meaningfully and complete any counseling, treatment, and educational programs as directed by the correctional authority or Probation/Parole Officer." In November

1997, the defendant signed a New Hampshire Department of Corrections Terms and Conditions of Adult Probation and was placed on probation for a period of three years.

In November 1998, the defendant's probation officer filed a violation of probation report alleging, in part, that the defendant had violated conditions 1 and 12C of the Terms and Conditions. Condition 1 states: "I will report to the Probation/Parole Officer at such time and places as directed. I will comply with the Probation/Parole Officer's instructions and respond truthfully to all inquiries from the Probation/Parole Officer." Condition 12C states: "I will participate in and satisfactorily complete the following program: Sex Offender Counseling."

The probation officer's report charged that the defendant had violated condition 1 by lying to his probation officer about the nature of his relationship with a female friend. The report also alleged that the defendant violated condition 12C of his probation by violating several of the contract rules for his sexual offender treatment program. Finally, the report charged that the defendant engaged in unsupervised contact with his female friend's three-year-old daughter.

The defendant's probation officer testified at the probation violation hearing that he had tried to contact the defendant at work on November 13, 1998, and was told that the defendant "had the morning off." He then spoke with the defendant who said "that he had taken the morning off from work to clean his apartment when, in fact, through further inquiries from this officer, I learned from Mr. Gibson, reluctantly he told me that he had been with [a female friend]." The defendant eventually admitted that he had been dating her for approximately four months, that he had had sexual relations with her on about six occasions, and that "he did have contact with [her] three-year-old child," including giving her a hug.

The probation officer testified that, as a participant in the sex offender treatment program, the defendant was expected to adhere to certain rules, and that he had violated several of them. The officer also testified, however, that at the time of the hearing, the defendant was still obtaining sex offender treatment services "on a community basis." He stated that while the defendant's treatment providers had initially recommended that the defendant be terminated from the group and incarcerated for violating treatment rules, this was no longer their recommendation.

The trial court found that the defendant had violated conditions 1 and 12C. This ruling included a finding that the defendant's unsupervised contact with a female minor violated condition 12C

because the conduct violated the terms of the defendant's contract with the sex offender therapy provider. The court sentenced the defendant to the State Prison for not more than seven years nor less than three and one-half years.

"We defer to a trial court's decision in probation revocation proceedings and reverse only where there has been an abuse of discretion. Further, in order to prevail, the defendant must show that the evidence, viewed in the light most favorable to the State, fails to support the decision." *State v. Woveris*, 138 N.H. 33, 34 (1993) (citation omitted).

■ Viewing the evidence in the light most favorable to the State, we conclude that the evidence supports the trial court's finding that the defendant violated condition 1 of his probation. Condition 1 obliged the defendant to respond truthfully to all inquiries from his probation officer. His probation officer testified that when he contacted the defendant to inquire about his purpose for taking time off from work, the defendant said that he had taken the morning off to clean his apartment when, in fact, he had been with a female friend. That the defendant, in response to further inquiries by the probation officer, eventually told the truth is inconsequential. The defendant was under an obligation to respond truthfully to his probation officer. His failure to do so, particularly regarding an issue central to his treatment and rehabilitation, clearly violated condition 1.

■ We conclude, however, that there was insufficient evidence to support the trial court's finding that the defendant had violated condition 12C of his probation. Condition 12C provides: "I will participate in and satisfactorily complete the following program: Sex Offender Counseling." Neither the 1994 sentence nor the Terms and Conditions of Adult Probation stated that a violation of the defendant's contract with his treatment providers would be considered a violation of his probation conditions.

The State argues that the defendant violated the sex offender treatment program rules when he: (1) failed to inform the sex offender counseling group of his romantic involvement; (2) failed to obtain approval of the treatment provider and group to engage in sexual relations; (3) failed to disclose offending behavior to his female friend prior to romantic involvement; and (4) had contact with this friend's minor daughter without the presence of a chaperone specifically trained for that purpose. According to the State, under these circumstances, the defendant failed to participate

"satisfactorily" in the sex offender treatment program and therefore violated the terms of his probation. We disagree.

We have upheld revocation of probation decisions where the defendant failed to participate in or complete sex offender treatment programs. *See, e.g., State v. Almodovar*, 145 N.H. 541 (2000); *State v. Kochvi*, 140 N.H. 662, 664 (1996), *cert. denied*, 519 U.S. 833 (1996); *State v. Woveris*, 138 N.H. at 33-34. None of these cases suggest, however, that a violation of a treatment program's rules which does not result in the defendant's exclusion from the program may be considered a violation of a condition of probation requiring the defendant to "participate in and successfully complete" a sex offender treatment program.

The evidence shows that the defendant's treatment providers believed that the defendant could still benefit from treatment. At the time of the hearing, the defendant was still enrolled in, and participating in, the sex offender treatment program. While the defendant's violation of the treatment program rules is cause for concern, we disagree with the State's position that the defendant was not meaningfully or actively engaged in treatment.

Furthermore, to adopt the State's position would raise a serious due process issue. We have held that when a court retains the power to impose incarceration at a later time, the defendant has been afforded conditional liberty which may not be revoked without due process. *See Stapleford v. Perrin*, 122 N.H. 1083, 1088 (1982). This includes the defendant's right to "be given fair notice as to what acts may constitute a violation of his probation, thereby subjecting him to loss of liberty." *State v. Peck*, 547 A.2d 1329, 1331 (Vt. 1988); *see also Sutton v. State*, 348 So. 2d 626, 626 (Fla. Dist. Ct. App. 1977). Here, the defendant arguably received no notice that his probation could be revoked if he violated the treatment program rules but continued to participate in the program.

Because the finding that the defendant violated condition 12C of his probation may have affected the trial court's decision on sentencing, we vacate and remand for further proceedings consistent with this opinion before a superior court justice other than the justice who presided below. *See State v. Dumont*, 145 N.H. 240, 245 (2000).

*Vacated and remanded.*

BRODERICK, NADEAU and DALIANIS, JJ., concurred.