563 S.E.2d 339

**The STATE, Respondent,**

**v.**

**Leonard BROWN, Appellant.**

**No. 3485.**

Court of Appeals of South Carolina.

Heard Dec. 4, 2001.

Decided March 14, 2002.

Deputy Chief Attorney Joseph L. Savitz, III, of SC Office of Appellate Defense, of Columbia, for appellant.

Deputy Director for Legal Services Teresa A. Knox, Legal Counsel Tommy Evans, Jr., and Legal Counsel J. Benjamin Aplin, all of South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for respondent.

SHULER, Judge:

Leonard Brown appeals the circuit court's decision to revoke his probation for failing to fulfill a special condition. We reverse.

## FACTS/PROCEDURAL HISTORY

On January 13, 1992, an Aiken County grand jury indicted Leonard Brown on two counts of criminal sexual conduct with a minor, first degree. Brown subsequently pled guilty to both offenses and the trial court sentenced him to eight years imprisonment on the first count. On the second count, the court sentenced Brown to a concurrent twenty-year term, suspended upon the service of five years probation. In so doing, the court imposed additional conditions of probation including a requirement that Brown "[m]ust obtain treatment for problem." The sentencing sheet for this offense also reflected that Brown was to "get treatment" as part of his probationary sentence.

In August 1996, after serving four and one half years of his eight-year sentence, Brown was paroled and began his five-year probationary period. On February 4, 1998, the Depart-

ment of Probation, Parole, and Pardon Services (DPPPS) referred him to Denmark Mental Health for sex offender counseling. Although Brown attended all scheduled therapy sessions, he refused to admit his guilt for the crimes to which he had pled guilty. Believing this refusal was hindering effective treatment, Brown's counselor consulted with his probation officer, Agent Heather Craven. As a result, Craven served Brown with a Probation Citation for violating Condition 12 of the standard probation form "and the special con"

On April 7, Brown's counselor closed his case file with the following notation:

> The purpose of this session was to communicate with another agency about the [client] and his treatment. I spoke to Ms. Craven from Probation and Parole. We discussed the fact that Leonard had not wanted to work on the problem that he was sent in for. Because he had been dealing with the issue of being charged with CSC and served time for five years, his not admitting to the issues was not just a denial stage. *I wanted to finalize the decision to keep the chart open or to close it. [Craven] agreed that we would close it and let the courts decide if they want him to return.* It was noted that Leonard did attend all scheduled sessions[;] the issue was not that he was not coming in, just that we were not working on the issues that the courts sent him for. With this, the chart will be closed. (Emphasis added).

DPPPS held an administrative hearing the same day. The hearing officer found Brown violated probation but recommended the case be **"FORWARDED FOR JUDICIAL REVIEW AND CLARIFICATION OF SPECIAL CONDITION."** The hearing officer's justification summary also declared the matter is referred to the Court for a clarification of the special condition requiring Brown to "obtain treatment for his problem[.]"

The circuit court held a revocation hearing on November 30, 1998. Upon learning Brown was indigent and not represented by counsel, the court appointed an attorney present in the courtroom, Norma Jett, and stated: "Ma'am, I would like to go ahead and do it this afternoon if you tell me you've had adequate time to talk to him." After a pause to consult with

Brown and Theodore Weathersbee from DPPPS, Jett represented Brown during the hearing.

According to Jett, Weathersbee assured her prior to the proceeding that DPPPS was not seeking revocation, but merely wanted a clarification of the trial court's "vague probation order" because it was unclear whether the language "seek treatment for problem" required Brown to admit guilt as part of his mandatory therapy. Indeed, Weathersbee initially stated on the record that "all that we would ask is the court for clarification of the special condition requiring Mr. Brown to obtain treatment for his problem." After further discussion, however, the circuit court revoked Brown's probation finding he did not do "that which is necessary to receive the proper mental health counseling for sex offenders," and reinstated seven years of his original twenty-year sentence.

The following day, pursuant to Jett's Rule 29, SCRCrimP motion, the court reheard arguments concerning the revocation. At that time, Weathersbee admitted speaking with Jett about the meaning of "[m]ust obtain treatment for problem":

I did indicate to [Jett], your honor, that [the order] did not say must attend and successfully complete. I made the statement to Ms. Jet[t], you know, must obtain treatment for problem. Could that be one day, one week, one year, what did that entail. . . .

Your honor, in the most ordinary circumstance most judges would say attend and successfully complete, that's been our history. This just says must obtain treatment for problem. . . .

In response, the court stated:

And it just goes without saying, Mr. Weathersbee, that like I've ordered on several sentences this week, must obtain mental health *and follow all the advice.* I don't add onto that and successfully complete the program. That goes without saying. . . . That's inclusive of the order for mental health counseling. (Emphasis added).

The court then denied the motion and this appeal followed.

## LAW/ANALYSIS

Although a decision to revoke probation generally rests within the circuit court's discretion, an appellate court should

reverse when that decision is based on an error of law or lacks supporting evidence. *See State v. Proctor,* 345 S.C. 299, 546 S.E.2d 673 (Ct.App.2001); *State v. Hamilton,* 333 S.C. 642, 511 S.E.2d 94 (Ct.App.1999).

■ Here, the probation order unambiguously stated Brown was to "obtain treatment" for his problem; it did not specifically order him to *complete* treatment. Nor did it specify that Brown "must follow all advice" or anything of that nature. Moreover, even if the order were interpreted to mean Brown had to successfully complete a treatment program, it did not on its face require him to complete a particular sex offender program or admit his guilt in order to do so. Finally, the record reflects the order's vague directive to "obtain treatment for problem" clearly resulted in confusion among the complaining probation agent, Brown's mental health counselor, the DPPPS administrative hearing officer, and the DPPPS prosecuting officer, as demonstrated by the clinician's note, the DPPPS "Summary of Administrative Hearing," and Mr. Weathersbee's own statements at the revocation hearings.

Interestingly, the respondent's brief notes that "other jurisdictions have upheld probation violations . . . *provided the offender was on notice that his failure to admit guilt at his counseling sessions would be considered a violation.*" (Emphasis added). Brown, of course, could not have been on such notice because everyone involved with his case sought *clarification* of the probation order from the circuit court. The cases cited by the respondent, therefore, are readily distinguished.

In *State v. Webb,* 673 A.2d 1345, 1345 (Me.1996), the supreme court of Maine upheld a probation revocation under circumstances similar to Brown's, where one of the conditions of the defendant's probation was that he "undergo sex abuser counseling/treatment *to the satisfaction of the probation officer.*" (Emphasis added). Similarly, in *People v. McGuire,* 216 Ill.App.3d 705, 159 Ill.Dec. 722, 576 N.E.2d 391 (Ill.1991), an Illinois appellate court affirmed the termination of court supervision when McGuire refused to admit sexual misconduct. There, however, the court based its decision on the fact that McGuire had agreed to a negotiated plea conditioned upon "his seeking an evaluation *and following all recommendations*

*made." Id.* at 394. As well, in *State v. Peck,* 149 Vt. 617, 547 A.2d 1329, 1331 (Vt.1988), the Vermont supreme court affirmed revocation where the probation condition stated "attend and participate in mental health counseling, treatment and rehabilitation *as directed by [the] probation officer and complete it to the full satisfaction of the probation officer."* (Emphasis added). The order before us is clearly distinguishable on its face from these probation directives.

Finally, and most similarly, in *State v. Woveris,* 138 N.H. 33, 635 A.2d 454 (1993), the New Hampshire supreme court affirmed a probation revocation *but only after the original probation order had been clarified and Woveris given a chance to conform.* In that case, pursuant to a negotiated plea Woveris agreed to "participate in sex offender treatment." *Id.* at 455. Thereafter, however, two treatment programs refused to admit Woveris because he continued to deny culpability for his offenses. The State pursued revocation arguing Woveris "had failed to meaningfully participate in the counseling." Woveris countered that meaningful participation, "while oftentimes required by a court order, was not clearly required by the terms of [his] particular sentencing order." *Id.*

Instead of revoking Woveris' probation, however, the court clarified the order and required Woveris not only to undertake treatment, but also to "meaningfully participate in same." *Id.* Although Woveris subsequently was accepted into a treatment program and attended fourteen counseling sessions, he continued to deny culpability even when admitting his own actions. Based on the counseling center's characterization of Woveris' behavior as a "failure to participate meaningfully in the program," the State sought revocation a second time. Woveris' probation was then revoked and his case affirmed by the supreme court. In its opinion, the court noted other jurisdictions allowed similar violations "where the defendant is not amenable to therapy for sexually deviant behavior due to his general denial of culpability, *so long as the defendant was sufficiently on notice of the need to admit and discuss behavior as a condition of probation."* *Id.* (emphasis added).

We believe the facts of this case mirror those in the initial *Woveris* proceedings. In our view, Brown was not sufficiently

on notice of such a condition until his probation was in fact revoked. Although we agree with the circuit court's reading of the probation order, we find Brown should have been afforded an opportunity to comply with that interpretation, particularly in light of the fact that he otherwise complied with all aspects of his probationary sentence. The circuit court, therefore, abused its discretion in revoking Brown's probation.

**REVERSED.**

CURETON, J., concurs.

STILWELL, J., dissents in a separate opinion.

STILWELL, Judge (dissenting):

I respectfully dissent, solely because I believe the specific wording of the additional condition of his probation that Brown "must obtain treatment" is controlling.

The discussion centering on whether Brown must "complete treatment" or "admit guilt" in order to get treatment I submit totally misses the point. In my opinion, it was incumbent on Brown to do whatever was necessary to comply fully with the condition of his probation. If he was rejected at one facility, the burden was on Brown to go back to his probation officer and explain that he could not obtain treatment at that location and seek another source to "obtain treatment."

It is not appropriate to allow Brown to sit idly by in the hopes that his non-compliance would be tolerated and then ultimately excused.

I would affirm.