THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER R. BANKO, Defendant-Appellant.

Second District  No. 2—03—1200

Opinion filed May 16, 2005.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

John A. Barsanti, State's Attorney, of St. Charles (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KAPALA delivered the opinion of the court:

Defendant, Christopher R. Banko, appeals from an order of the circuit court of Kane County revoking his court supervision, which was imposed for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 2002)). The trial court resentenced defendant to conditional discharge and a 180-day term in the Kane County jail. Defendant argues on appeal that he did not violate any condition of court supervision. We affirm.

As a condition of court supervision, defendant was ordered to attend a program called the "victim impact panel" (VIP) held at the Kane County Judicial Center. Defendant arrived at the program wearing a T-shirt displaying the slogan, "I can't be drunk...I'm still drinking!" Defendant was asked twice to turn the shirt inside out so as to conceal the slogan. When he refused to do so, the supervisor of court services ordered defendant to leave the program. The State's petition to revoke defendant's court supervision alleged that defendant "failed to comply with Rule of VIP [and] did not complete VIP as ordered by this Court." As noted, the trial court granted the petition. This appeal followed.

At a hearing on a petition to revoke supervision, the State has the burden of going forward with evidence and proving the violation by a preponderance of the evidence. 730 ILCS 5/5—6—4(c) (West 2002); *People v. McGuire*, 216 Ill. App. 3d 705, 709 (1991). A trial court's decision to revoke supervision will not be disturbed unless it is against the manifest weight of the evidence. *McGuire*, 216 Ill. App. 3d at 709.

On appeal, defendant argues, in essence, that court supervision cannot be revoked because of noncompliance with a dress code requirement imposed on an *ad hoc* basis by the court's administrative personnel. Under the circumstances of this case, the argument is meritless. It is true that the condition that defendant appear at the VIP did not set forth any specific requirements as to apparel. It cannot be denied, however, that the requirement that defendant attend the VIP necessarily implies that defendant conform his behavior to general standards of decorum that defy any exhaustive or comprehensive enumeration as written conditions or rules. No one would dispute, for example, that a participant in a DUI program who insisted on singing or playing a loud radio could be asked to leave even though there might be no specific proscription against such activities. In the present setting, defendant's T-shirt was inherently disruptive. We might be

more sympathetic to defendant if he had been given no opportunity to remedy the problem, but that is not the case. Defendant was alerted that the T-shirt was improper and was asked to conceal the inappropriate message. He should have recognized that his T-shirt was disruptive and he should have acceded to this reasonable request. *Cf. State v. Tony G.*, 121 N.M. 186, 189, 909 P.2d 746, 749 (N.M. App. 1995) (child's probation was properly terminated based on failure to complete residential rehabilitation program where the child was expelled from the program based on behavior the child should have known might result in expulsion, *e.g.*, violence, insolence, disobedience, and disruptive behavior).

Defendant points out that the order requiring him to attend the VIP program indicated that he would have to pay a $100 fee if he failed to appear at the program or was asked to leave because of noncompliance with the program's rules. Defendant reasons that the $100 fee rather than revocation of supervision was the appropriate sanction for his behavior. The argument is unpersuasive. Nothing in the order referred to by defendant supercedes the trial court's power to revoke defendant's supervision for noncompliance with the conditions of supervision. The $100 fee is in addition to, not in lieu of, the court's power to revoke supervision for defying the order to attend the VIP program.

Defendant also attempts to draw an analogy to *People v. Prusak*, 200 Ill. App. 3d 146 (1990). In that case, the defendant was sentenced to probation for a sex offense and was ordered to comply with the recommendations of a mental health agency. The agency recommended that the defendant participate in meetings of a sexual offenders group. However, the defendant was asked to leave the group because he claimed he did not remember committing the offense of which he was convicted. The trial court revoked the defendant's probation, but this court reversed. Noting evidence that denial is almost universal among sex offenders, we reasoned, "It seems paradoxical to classify an individual as a sex offender and sentence him to probation and then revoke his probation because he exhibits behavior commonly displayed by sex offenders." *Prusak*, 200 Ill. App. 3d at 150. The analogy defendant seeks to draw is inapt. He was not asked to admit or deny that he has a drinking problem; he was simply asked to comport himself in a manner appropriate to the program he was ordered to attend. Unlike a sex offender's propensity for denial, defendant's recalcitrance is not a characteristic of any classification that was placed upon him by the trial court. Defendant's personal attitudes about the consumption of alcohol do not place him in any special category apart from other offenders who refuse to comply with the conditions of

probation or court supervision and who suffer the attendant consequences. The trial court's decision is not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN and CALLUM, JJ., concur.