**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mikel Terrell Francis, Appellant.

Appellate Case No. 2018-001415

---

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-253
Submitted June 1, 2020 – Filed August 26, 2020

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Octavia Yvonne Wright, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Mikel Terrell Francis appeals the revocation of his probation, arguing the circuit court erred by revoking his probation for not reporting when the State failed to show he was actually notified he had to report following his release from the Florida Department of Corrections. We affirm.

We hold the circuit court did not abuse its discretion in revoking Francis's probation because the record contains sufficient evidence to support the court's conclusion that Francis violated the conditions of his probation requiring he maintain lawful employment; refrain from violating federal, state, and local laws; and seek the permission of his probation agent before leaving the state. *See State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999) ("The decision to revoke probation is addressed to the discretion of the circuit [court]."); *id.* ("This court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit judge's decision was arbitrary and capricious."); *id.* at 648, 511 S.E.2d at 97 ("Probation is a matter of grace; revocation is the means to enforce the conditions of probation."); *id.* ("[T]he authority of the revoking court should always be predicated upon an evidentiary showing of fact tending to establish a violation of the conditions."); *id.* at 648-49, 511 S.E.2d at 97 ("Thus, before revoking probation, the circuit [court] must determine if there is sufficient evidence to establish that the probationer has violated his probation conditions.").

Additionally, we hold the condition of Francis's probation requiring him to report to his probation agent in South Carolina was not ambiguous and provided him with adequate notice of his obligation to report to his agent upon his release from incarceration in Florida. Francis's 2008 initiation of communication with the South Carolina Department of Probation, Parole and Pardon Services while incarcerated in Florida is sufficient evidence of his awareness of his ongoing probationary status with the State of South Carolina and the requirement that he report to South Carolina upon his release. *See State v. Brown*, 349 S.C. 414, 420, 563 S.E.2d 339, 342 (Ct. App. 2002) (holding a probationer should have been provided the opportunity to comply with an ambiguous condition of his probation before being revoked for violation thereof).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.